587 A.2d 330

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Richard CANNING, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 24, 1990.

Filed Feb. 27, 1991.

David S. Rudenstein, Philadelphia, for appellant.

Donna G. Zucker, °Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before POPOVICH, FORD ELLIOTT and MONTGOMERY, JJ.

MONTGOMERY, Judge.

Appellant Richard Canning was convicted in Philadelphia Municipal Court of possession of a controlled substance. He was sentenced to thirty days in the county jail. No direct appeal was filed. Appellant then filed a petition under the Post Conviction Hearing Act,[1] alleging denial of the right to appeal. Appellant was granted permission to appeal *nunc pro tunc.* This appeal, raising only the issue of whether the Court of Common Pleas erred in reversing the Municipal Court's suppression order, followed. Finding no error, we affirm.

On July 5, 1985, Philadelphia Police Officer Robert McCarthy responded to a radio call to investigate complaints that a stranger was pacing back and forth on a neighbor's porch. When Officer McCarthy arrived, he observed appellant pacing back and forth on the front porch of 4420 Howell Street. Appellant was wearing no shirt, shoes, or socks. When Officer McCarthy asked him what

1. Formerly 42 Pa.C.S. § 9541 et seq., this Act was replaced by the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq., effective April 13, 1988. Appellant's petition was filed prior to the effective date of the PCRA.

he was doing there, appellant replied that he was looking for his car. The residents of the home advised Officer McCarthy that they did not know appellant and had not realized he was on their porch. Because appellant appeared intoxicated and confused and had an odor of alcohol on his breath, Officer McCarthy decided to transport appellant to the police station for public intoxication. Before placing appellant in the police wagon, the officer searched appellant and discovered two packets, one containing methamphetamine and the other containing marijuana, in appellant's pants pocket. Appellant was then charged with possession of controlled substances.

Appellant filed a motion to suppress the drugs which was granted by the Municipal Court. The Commonwealth appealed that order to the Court of Common Pleas and it was reversed. Appellant was then tried and convicted in Municipal Court. On this appeal, appellant contends that the Court of Common Pleas erred in reversing the suppression order.

■ Appellant first argues that the search was outside the permissible scope of *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In *Terry,* the United States Supreme Court articulated a police officer's "narrowly drawn" authority to conduct a reasonable search for weapons for the officer's protection. *Id.* at 27, 88 S.Ct. at 1883. The officer may pat down or frisk a suspect for weapons only if he reasonably believes that criminal activity is afoot, and that the suspect may be armed and dangerous. *Id.* The officer must be able to articulate specific facts to justify his belief that the suspect may be armed and dangerous. *Ybarra v. Illinois,* 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). Moreover, the scope of a *Terry* search is limited. Because the "sole justification of the search . . . is the protection of the police officer and others nearby, . . . it must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." *Terry v. Ohio, supra,* 392 U.S. at 29, 88 S.Ct. at 1884.

In the instant case, the officer exceeded the scope of a *Terry* search. In order to reach into a suspect's pockets during a *Terry* search, the officer would have to feel something that appears to be a weapon. "Nothing in *Terry* can be understood to allow ... any search whatever for anything but weapons." *Ybarra v. Illinois, supra,* 444 U.S. at 93–94, 100 S.Ct. at 343. Herein, Officer McCarthy, did not articulate any specific facts to justify a belief that appellant might be armed and dangerous nor did he confine his search to items that may have reasonably appeared to be weapons. As noted by the Municipal Court judge, the items retrieved from appellant's pocket, two small plastic bags, one containing a white powder and one containing a green weed, do "not feel like a gun, knife, or a blackjack or anything else." N.T., December 12, 1985, p. 12. Thus, the search cannot be justified under *Terry*.

■ The search can be justified, however, as a search incident to an arrest. *Commonwealth v. Plusquellic,* 303 Pa.Super. 1, 449 A.2d 47 (1982) (seizure proper if incident to an arrest). At the time of the incident, the Rules of Criminal Procedure provided that in non-traffic summary cases, a defendant could be arrested without a warrant when such arrest is necessary in the judgment of the police officer, the officer is in uniform or displays a badge or other sign of authority and such arrest is authorized by law. Pa.R.Crim.P. 51 A(3)(c).[2] Under the Crimes Code, a person is guilty of a summary offense if he appears in a public place under the influence of alcohol to the degree that he may endanger himself or others or annoy persons in his vicinity. 18 Pa.C.S. § 5505. See, *Commonwealth v. Shillingford,* 231 Pa.Super. 407, 411 n. 6, 332 A.2d 824, 826 n. 6 (1975) (custodial arrest permissible for public drunkenness). To determine the validity of the search under this standard, we must only determine whether the officer had probable cause for the arrest. Probable cause is found if the facts and circumstances within the knowledge of the police officer at the time of the arrest are sufficient to justify a

**2.** Rescinded and replaced on July 12, 1985, effective July 1, 1986.

person of reasonable caution to believe the suspect has committed a crime. *Commonwealth v. Vinson*, 361 Pa.Super. 526, 522 A.2d 1155 (1987). Herein the officer had responded to a complaint by neighbors, who described a partially dressed man pacing back and forth on a porch where he did not belong. Appellant told the officer that he was looking for his car. The officer noticed an odor of alcohol on his breath and testified that appellant appeared both confused and intoxicated. These facts are clearly sufficient to justify a person of reasonable caution to believe that appellant had violated 18 Pa.C.S. § 5505.

■ The Municipal Court judge apparently relied, at least partly, on the fact that appellant was never charged with public drunkenness in order to find that probable cause was lacking. However, that is not a controlling factor. Probable cause means only the probability and not a prima facie showing of criminal activity. *Commonwealth v. Murray*, 437 Pa. 326, 263 A.2d 886 (1970). It is, of course, less than evidence which will justify a conviction. *Id.* Once probable cause is established, it does not dissipate simply because the suspect is not charged with the particular crime which led to the finding of probable cause. There are many reasons why the officer may not have filed the formal charge: upon reflection, he may have determined that there was insufficient evidence to warrant a conviction; he may have determined that society's interests were better served by exercising mercy; he may, as in the instant case, have filed more serious charges and simply dispensed with the summary offense. None of these scenarios affects the finding of probable cause, however, once it has been established because probable cause is based on the facts and circumstances *known at the moment of the arrest, Commonwealth v. Mackie*, 456 Pa. 372, 320 A.2d 842 (1974), and not on what may or may not occur after the arrest. *Id.* (subsequent events irrelevant to determination of probable cause); *Commonwealth v. Jeffries*, 454 Pa. 320, 311 A.2d 914 (1973) (evidence discovered after arrest may not be considered in determining probable cause). Therefore, be-

cause there was probable cause to arrest, the officer was justified in searching appellant incident to that arrest and the evidence was properly admissible. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.