J-A31010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RASHAUN DANTE RULEY | |
| Appellee | No. 215 MDA 2015 |

Appeal from the Order January 9, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001233-2014

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED JANUARY 29, 2016**

The Commonwealth of Pennsylvania appeals[1] from the order entered

January 9, 2015, in the Court of Common Pleas of Lycoming County, which

granted Appellee Rashaun Dante Ruley's pretrial motion to suppress

evidence.  We affirm.

We take the history of this case from the suppression court's opinion.

> On June 29, 2014 at approximately 5:45 p.m., Sergeant
> Kris Moore of the Williamsport Bureau of Police was dispatched
> to the area of the 600 block of Second Street and Maynard
> Street for a fight or disturbance "involving handguns."

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] This appeal is permissible as of right because the Commonwealth has
certified in good faith that the suppression order submitted for our review
substantially handicaps the prosecution and the appeal is not intended for
delay purposes.  *See* Pa.R.A.P. 311(d).

By the time Sergeant Moore arrived, other officers had identified three potential actors and had interaction with them. Sergeant Moore was providing cover from a distance. Sergeant Moore recognized one of the suspects as [Ruley]. Through the Lycoming County Communications, Sergeant Moore had been advised that there was an active bench warrant for [Ruley's] arrest.

Sergeant Moore talked briefly with [Ruley] while [he] was sitting on the back steps of the residence, not [Ruley's], adjacent to Second Street. Given Sergeant Moore's training and experience with individuals under the influence of controlled substances and based on his observations of [Ruley], he concluded that [Ruley] was "very, very high."

Sergeant Moore had multiple prior contacts with [Ruley]. On this occasion, [Ruley] was speaking slowly, mumbling more than usual, was very soft spoken and was "real high."

Being made aware of the warrant, Sergeant Moore advised [Ruley] that he would be taking him into custody. Sergeant Moore began to help [Ruley] off the steps and readily noticed that [Ruley] was in no shape to safely walk. Sergeant Moore remarked to [Ruley] that he was "high as a kite" to which [Ruley] responded that he had been "smoking all day."

Sergeant Moore concluded that [Ruley] was under the influence of marijuana to a degree that presented a danger to [Ruley] and others. While escorting [Ruley] back to the patrol unit, Sergeant Moore searched [Ruley] as part of [his] arrest due to the bench warrant.

The search incident to arrest yielded [heroin and marijuana].

With respect to the warrant, it had previously been issued under Information No. 1724-2013 of Lycoming County. It was issued by the [c]ourt on June 19, 2014 as a result of [Ruley's] failure to appear for a criminal trial scheduled on June 17, 2014. However, by stipulated order of the parties signed by the [c]ourt on June 24, 2014, the bench warrant was vacated. Apparently, Lycoming County Communications and Sergeant Moore were unaware that the bench warrant was vacated prior to Sergeant Moore arresting [Ruley] on said warrant.

Suppression Court Opinion, 1/9/15 at 1-3.

Ruley was charged with one count of possession with intent to deliver (heroin) and one count of possession of a small amount of marijuana for personal use.[2] Ruley filed a suppression motion. The suppression court held a hearing on the motion and later issued an opinion and order in which it granted Ruley's suppression motion. The Commonwealth timely appealed.

The Commonwealth raises the following issues for our review.

1. Did the court err in granting the Motion to Suppress Evidence on the basis that the warrant that the police arrested [Ruley] on, at the time of the arrest was no longer valid and therefore the arrest was illegal and the officer[']s good faith did not justify the arrest.

2. Should the decisions in *Commonwealth v. Johnson*, 386 A.2d 182 (Pa. 2014) and *Commonwealth v. Edmunds*, 586 A.2d 887 (Pa. 1991) be overruled.

3. Did the court err in finding that police lacked probable cause to arrest [Ruley] for public drunkenness, and that even if probable cause existed, the arrest was illegal because [Ruley] was arrested pursuant to the invalid warrant and not for public drunkenness.

Commonwealth's Brief at 7.

Our standard of review is settled.

When the Commonwealth appeals from a suppression order, this Court may consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the record as a whole, remains uncontradicted. In our review, we are not bound by the suppression court's conclusions of law, and we must determine if the suppression court properly applied the law to the facts. We defer to the suppression court's findings of fact because, as the

_____

[2] 35 P.S. §§ 780-113(a)(30) and (a)(31)(i), respectively.

finder of fact, it is the suppression court's prerogative to pass on the credibility of the witnesses and the weight to be given to their testimony.

**Commonwealth v. Myers**, 118 A.3d 1122, 1125 (Pa. Super. 2015) (citation omitted). Here, the suppression court's factual findings are supported by the record. Thus, we proceed to review the court's legal conclusions, for which our standard of review is *de novo*. **See Commonwealth v. Wilson**, 101 A.3d 1151, 1153 (Pa. Super. 2014), **appeal denied**, 121 A.3d 496 (2015).

In **Commonwealth v. Edmunds**, 586 A.2d 887, 895-96 (Pa. 1991), our Supreme Court rejected the United States Supreme Court's promulgation of a good-faith exception to the exclusionary rule in **United States v. Leon**, 468 U.S. 897 (1984), as follows.

> [G]iven the strong right of privacy which inheres in Article 1, Section 8, as well as the clear prohibition against the issuance of warrants without probable cause, or based upon defective warrants, the good faith exception to the exclusionary rule would directly clash with those rights of citizens as developed in our Commonwealth over the past 200 years.

**Edmunds**, 586 A.2d at 901. The Court explained that

> [W]e disagree with the Court's suggestion in **Leon** that we in Pennsylvania have been employing the exclusionary rule all these years to deter police corruption. We flatly reject this notion. We have no reason to believe that police officers or district justices in the Commonwealth of Pennsylvania do not engage in "good faith" in carrying out their duties. What is significant, however, is that our Constitution has historically been interpreted to incorporate a strong right of privacy, and an equally strong adherence to the requirement of probable cause under Article 1, Section 8. Citizens in this Commonwealth possess such rights, *even where a police officer in "good faith" carrying out his or her duties inadvertently invades the privacy*

or circumvents the strictures of probable cause. To adopt a "good faith" exception to the exclusionary rule, we believe, would virtually emasculate those clear safeguards which have been carefully developed under the Pennsylvania Constitution over the past 200 years.

*Id*. at 899 (emphasis added).

Our Supreme Court recently reaffirmed that **Edmunds** remains controlling precedent in **Commonwealth v. Johnson**, 86 A.3d 182 (Pa. 2014). In that case, police arrested Johnson based upon an arrest warrant that was "no longer valid and should have been recalled[.]" **Id**. at 184. The **Johnson** Court concluded that

the trial court properly suppressed the physical evidence seized by police incident to an arrest based solely on an invalid, expired arrest warrant. The courts below granted relief based upon the analysis of the Pennsylvania Constitution set forth in **Edmunds***,* which rejected the federal good faith exception to the exclusionary rule (there, in the context of a defective search warrant). **Edmunds** is binding precedent and the Commonwealth has not challenged its validity here. Nor has the Commonwealth offered any meaningful distinction of **Edmunds** in constitutional terms. The courts below were correct that **Edmunds** controls the outcome in such circumstances.

*Id*. at 187.

Applying the decisions in **Edmunds** and **Johnson** to the instant case, the lower court determined that Sergeant Moore was not entitled to a good faith exception to the exclusionary rule based upon his mistaken belief that the bench warrant for Ruley's arrest was valid. **See** Suppression Court Opinion, 1/9/15 at 3-5. The suppression court further rejected the Commonwealth's argument that regardless of the validity of the bench

warrant, Sergeant Moore had independent probable cause to arrest Ruley for public drunkenness:

> In this case, the probable cause which led to the arrest was the bench warrant and not [Ruley] allegedly violating 18 Pa.C.S. § 5505 [pertaining to public drunkenness].
>
> The Commonwealth has not provided any authority that supports its argument that although Sergeant Moore arrested [Ruley] on what turned out to be an invalid or expired bench warrant, the Commonwealth could now, after the fact, claim that probable cause existed on a different matter.

*Id*. at 6-7.  The court continued:

> [P]erhaps most determinatively, Sergeant Moore's relevant observations of [Ruley] were not obtained until after he decided to place [Ruley] under arrest on the [invalid] warrant.  It was not until after Sergeant Moore decided to arrest [Ruley] and began taking him into custody that he determined [Ruley] could not walk, which led Sergeant Moore to believe [Ruley] could endanger himself or others.  Up until this point, [Ruley] was merely sitting on a porch not endangering or annoying anyone. See Commonwealth v. Meyer, 431 A.2d 281, 290-91 (Pa. Super. 1981)(section 5505 is carefully drawn so as not to punish all forms of drunkenness but only drunkenness to such a degree as to endanger himself or other persons or property or annoy persons in the vicinity; the Model Penal Code comment states that the requirement that an individual be manifestly under the influence was designed to require some *aberrant* behavior before arrest is authorized).
>
> Under these circumstances, the [c]ourt cannot conclude Sergeant Moore had probable cause to arrest [Ruley] for public drunkenness.

*Id*. at 7-8.

- 6 -

We agree with the suppression court's analysis. It is uncontested that Ruley was arrested solely based on the invalid search warrant, and that he was not charged with public drunkenness.[3] *See* N.T., Suppression Hearing, 11/10/14 at 7. At the suppression hearing, Sergeant Moore admitted that it was only *after* he had asked Ruley to stand up in order to take him into custody on the invalid bench warrant that he realized Ruley was "a little unsteady on his feet" and he reached the conclusion that Ruley was a danger to himself or others. *Id*. at 18. Clearly, Ruley's apparent intoxication played no factor in the Sergeant Moore's decision to arrest Ruley. Hence, as the bench warrant that served as the basis for Ruley's arrest was invalid, the arrest was illegal and the contraband seized during the search incident to that arrest must be suppressed.

Although the Commonwealth urges that *we* overturn the decisions in *Edmunds* and *Johnson*, which is a power we do not have, there is no doubt that these cases remain controlling precedent in this Commonwealth. *See Johnson*, 86 A.3d at 187 (reaffirming that "*Edmunds* is binding precedent"). *Edmunds* and *Johnson* make clear that even if Sergeant

---

[3] Sergeant Moore further acknowledged that in the affidavit of probable cause attached to the criminal Complaint, he did not detail his observations that Ruley was extremely high or include his conclusion that Ruley was a danger to himself or others. *See* N.T., Suppression Hearing, 11/10/14 at 15-16. *See also* Affidavit of Probable Cause, 6/9/24 ("Upon confirmation of the [bench warrant], I then searched Ruley and found him to have 110 bags of heroin in his right cargo pocket of his shorts.").

Moore believed that the bench warrant was valid, he is not entitled to a good faith exception. We further reject the Commonwealth's contention that Sergeant Moore had established independent probable cause for the arrest based upon Ruley's alleged public drunkenness. As previously noted, Sergeant Moore's observations of Ruley's intoxication played no part in his decision to conduct the arrest, and therefore cannot provide *post hoc* justification thereof.[4]

Based on all of the foregoing, we affirm the court's order granting Ruley's suppression motion.

_____

[4] We agree with the suppression court that the Commonwealth's reliance upon **Commonwealth v. Canning**, 587 A.2d 330 (Pa. Super. 1991), is misplaced. In **Canning**, police were called to investigate reports that a stranger was pacing on a neighbor's front porch. **See** 587 A.2d at 331. When police observed that Appellant appeared intoxicated and confused and smelled of alcohol on his breath, they decided to arrest him for public intoxication. **See id**. A search incident to that arrest revealed narcotics in Appellant's pants pockets. **See id**. When Appellant was not charged with public intoxication, Appellant moved to suppress the evidence. On appeal, this Court determined that because the police had probable cause to arrest Appellant for public intoxication, the narcotics were uncovered pursuant to a valid search incident to arrest even though Appellant was not subsequently charged with that particular offense. **See id**. at 332. In so finding, we reasoned that "[o]nce probable cause is established, it does not dissipate simply because the suspect is not charged with the particular crime which led to the finding of probable cause." **Id**.

Here, Sergeant Moore did not arrest Ruley based upon probable cause that he was publicly intoxicated, but rather upon the mistaken belief that the bench warrant was valid. As such, any consideration as to whether probable cause existed to arrest Ruley for public drunkenness is irrelevant. Unlike the situation presented in **Canning**, the officer's observations of Ruley's intoxication did not serve as the basis for the arrest.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/29/2016