J. S08019/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JORDAN SCOTT POLLOCK, | : | |
| | : | |
| Appellant | : | No. 919 WDA 2015 |

Appeal from the Judgement of Sentence May 21, 2015
in the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0001090-2014

BEFORE: STABILE, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:          **FILED:  MARCH 16, 2016**

Jordan Scott Pollock appeals from the judgment of sentence entered on May 21, 2015, following Appellant's DUI convictions. Appellant challenges the denial of his Motion to Suppress. We conclude Appellant's Pa.R.A.P. 1925(b) was too vague and, thus, affirm the trial court's finding of waiver.

At 2:45 AM on April 20, 2014, Adams Township Police Officer Timothy Waibel was on duty along Route 228 in a marked patrol car assisting Police Officer Ed Lenz with a routine traffic stop. Officer Waibel, an officer with over 27 years' experience in speed patrol, observed Appellant drive by the active traffic stop heading eastbound on Route 228 at a speed "well over" the posted speed limited of 50 miles per hour. N.T., 11/24/14, at 4-5, 9. He watched Appellant lose traction and slide as he turned right onto

Warrendale Road at a high rate of speed. *Id.* at 9-10. Officer Waibel then got into his patrol car, followed Appellant, and observed him commit numerous traffic violations, including driving in a residential area at twice the posted limit of 25 mph, and failing to stop at a stop sign. *Id.* at 11-12. Officer Waibel activated his overhead lights and Appellant pulled over and stopped. When Officer Waibel approached the vehicle, he observed six passengers in the vehicle, including one lying across laps in the back seat. Affidavit of Probable Cause, 4/25/14. He immediately detected the smell of alcohol coming from the vehicle, and Appellant admitted that they were returning from a party. *Id.*

Officer Waibel administered a field sobriety test on Appellant, and found multiple signs of impairment. *Id.* Later testing revealed Appellant's blood alcohol content to be over .10 and less than .16 percent.

Appellant was arrested and charged with one count each of Driving Under the Influence ("DUI"), Second Offense, and DUI – High Rate of Alcohol, Second Offense.[1] He was also charged with one count of Duty of Driver in Emergency Response Areas ("Emergency Response").[2]

Appellant filed a Motion to Suppress. At a hearing on the Motion, Appellant argued: (1) Officer Waibel only used the Emergency Response violation as the basis for his stop, therefore, any other violations are

---

[1] 75 Pa.C.S. § 3802(a)(1) and 75 Pa.C.S. § 3802(b), respectively.

[2] 75 Pa.C.S. § 3327(a).

irrelevant to the probable cause determination; (2) Officer Waibel only charged Appellant with the Emergency Response violation; therefore, any other traffic violations are irrelevant to the probable cause determination; and (3) Appellant did not actually commit an Emergency Response violation, and therefore Officer Waibel lacked probable cause to stop Appellant. N.T., 11/24/14, at 12-13, 26, 32-33.

In denying the Motion to Suppress, the trial court concluded that '[a]lthough Patrolman Waibel did not have probable cause to stop the vehicle for a violation of [the emergency response statute], he did articulate sufficient facts which justified stopping Defendant for any number of traffic violations[.]" Trial Court Opinion, dated 2/20/15, at 2.

A stipulated nonjury trial followed and the court found Appellant guilty of the two DUI offenses and not guilty of the Emergency Response violation. The court sentenced Appellant to 30 days to 6 months' incarceration on the DUI High Rate of Alcohol offense, and no further penalty on the general DUI offense.

Appellant timely appealed. Although not directed to do so, he filed a Pa.R.A.P. 1925(b) Statement raising one broadly stated issue: "[w]hether the Court of Common Pleas erred and/or abused its discretion in denying Defendant's Motion to Suppress[.]" 1925(b) Statement.

In its 1925(a) Opinion, the trial court properly opined that Appellant's 1925(b) statement was too vague and unspecific, and concluded that

Appellant had waived all issues. Trial Court Opinion, dated 8/24/15. Although the trial court did not substantively address Appellant's issue, it did direct this Court's attention to its February 20, 2015 opinion denying Appellant's Motion to Suppress. *Id.*

Our Supreme Court has held that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (quoting ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998). ***See also*** Pa.R.A.P. 1925(b)(4)(ii) ("The [1925(b)] Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."). A Rule 1925(b) statement "which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [Rule 1925(b)] Statement at all." ***Lineberger v. Wyeth***, 894 A.2d 141, 148 (Pa.Super. 2006). ***See also Commonwealth v. Snyder***, 870 A.2d 336, 340-42 (Pa.Super. 2005) (concluding that an appellant is not relieved of his obligation to file an adequate 1925(b) statement where he files a 1925(b) statement before the trial court has an opportunity to order him to do so).

However, our Supreme Court created an exception to the waiver rule in ***Commonwealth v. Laboy***, 936 A.2d 1058 (Pa. 2007). There, the Supreme Court held that issues raised in a vague Rule 1925(b) statement may nonetheless be preserved for appellate review if (1) the case is

relatively straightforward; (2) the certified record is short; (3) it is obvious from the record what the pertinent issues are; and (4) the trial court accurately identifies and addresses the pertinent issues in a 1925(a) opinion. *Id*. at 1060.

Appellant's case is relatively straightforward and the record is brief. To avoid waiver under *Laboy*, Appellant was required to present the claims he now raises to the trial court in the record below. After a careful review of the record, we find that Appellant's boilerplate 1925 (b) Statement was only sufficient to preserve two narrow issues.

Appellant's Motion to Suppress was limited to arguing whether Officer Waibel lacked reasonable suspicion or probable cause to stop Appellant because "the part of Route 228 where the officer observed [Appellant] driving was not an emergency response area." Motion to Suppress, dated 9/12/2014. At the hearing on the Motion to Suppress he raised an additional argument, namely that the trial court should not consider additional Motor Vehicle violations that Appellant was not charged with when determining whether probable cause existed to stop Appellant. N.T., 11/24/14 at 12-13, 26, 32-33. Under *Laboy*, Appellant preserved both of these arguments in spite of his overbroad 1925(b) Statement. These arguments are clear from the record below, and the trial court addressed them in its 1925(a) Statement by directing this Court to its Opinion on the Motion to Suppress.

Although Appellant preserved these issues in his 1925(b) Statement, neither is properly before this Court. The trial court ruled in Appellant's favor on the question of whether an Emergency Response violation occurred. Therefore, Appellant cannot challenge that ruling here. Pa.R.A.P. 501. **See Commonwealth v. Polo**, 759 A.2d 372, 373 n.1 (Pa. 2000) (noting a party who prevails on an issue in the lower courts lacks standing to appeal that issue because "only an aggrieved party can appeal from an order entered by the lower court.").

Appellant's second argument – that the trial court was precluded from considering offenses not charged – was waived when the Appellant conceded the argument in his Appellate Brief to this Court. In his brief, Appellant acknowledges that Officer Waibel testified to witnessing multiple Motor Vehicle violations. He further admits that under our case law, Motor Vehicle violations can properly form the basis of a probable cause determination even if they were never charged. Appellant's Brief at 14. **See also Commonwealth v. Canning**, 587 A.2d 330, 332 (Pa.Super. 1991).

We turn now to the remaining issues Appellant raises in his brief to this Court. In his brief, Appellant sets forth detailed allegations and arguments pertaining to the elements of the observed traffic violations that he did not raise at the suppression hearing, at trial, post-trial, or in his Rule

1925(b) Statement. *See* Appellant's Brief at 25-30.[3] We do not read *Laboy* to be so expansive that it permits an appellant to preserve challenges he makes for the first time in his appellate brief.

Unlike the two issues we found preserved, Appellant did not bring these additional alleged errors to the trial court's attention at any point. These issues are not clear from the record below. As a direct result, the trial court was, unsurprisingly, unable to "readily apprehend" Appellant's issue raised in his Rule 1925(b) to be able to "address[] it in substantial detail." *Laboy, supra* at 1060.

Because Appellant's impermissibly vague 1925(b) statement deprived the trial court of the opportunity to respond to the alleged errors raised for the first time in his appellate brief, and deprived this Court of a substantive 1925(a) Opinion that would facilitate any meaningful appellate review of these issues, we agree that Appellant's arguments are waived.[4]

Judgment of sentence affirmed. Jurisdiction relinquished.

---

[3] For instance, Appellant also argues, *inter alia*, that "there was no evidence that the speed limits were, as required by 75 Pa.C.S. § 3362(b), posted on the roads" and the Commonwealth failed to prove the statutory requirement that Officer Waibel follow Appellant for at least three-tenths of a mile before making an odometer-based speed determination. *See* Appellant's Brief at 25-26, 28-30.

[4] Even if Appellant had not waived the issues now raised, we agree with the trial court that the record demonstrates that the totality of the circumstances observed by Officer Waibel provide ample probable cause to support the traffic stop. For instance, Appellant in his brief does not challenge Officer Waibel's testimony that Appellant failed to stop at the stop sign. That offense alone provided probable cause to effectuate a traffic stop.

J. S080019/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2016