J-S23010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDREW LAMAR COOPER | |
| Appellant | No. 1080 EDA 2016 |

Appeal from the Judgment of Sentence November 18, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004711-2014


BEFORE:  OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 26, 2017**

Appellant, Andrew Lamar Cooper, appeals from the judgment of sentence entered on November 18, 2015, following his jury trial convictions for aggravated assault, robbery, conspiracy, possessing an instrument of crime,[1] and other related firearm offenses.  We affirm.

The trial court set forth the facts of this case as follows:

> On May 27, 2014, at 8:44 a.m., Norristown Police Officer Kevin Fritchman saw a gold Honda CR-V automobile on the 100 block of Wayne Avenue in the borough of Norristown. At first it appeared unoccupied, but Officer Fritchman then saw two black males in the Honda.  One was [A]ppellant, who was seated on the driver's side.  Officer Fritchman did

_____

[1]  18 Pa.C.S.A. §§ 2702, 3701, 903, respectively.

not approach the vehicle; as he testified, he had no reason to do so.

After Officer Fritchman saw both occupants of the vehicle enter 111 Wayne Avenue, he checked the license plate number of the vehicle and learned it had been reported stolen from Plymouth Township. Officer Fritchman then drove around the block for a few minutes and saw the vehicle again, just several blocks away from the 100 block of Wayne Avenue, at a stop sign at Powell and Spruce Streets in Norristown. Appellant was in the passenger seat of the automobile. Officer Fritchman then stopped the Honda, but the driver and [A]ppellant fled on foot. After a brief chase, [A]ppellant was apprehended and taken to Norristown Police Department on charges related to theft of the motor vehicle.

Trial Court Opinion, 5/27/2016, at 5-6.

Thereafter, "while he was in custody, [Appellant] gave [police] a detailed statement in which he confessed to shooting [a convenience store clerk] during [a] robbery[.]" *Id.* at 2. More specifically, the trial court recited:

[The victim was] working at a convenience store in the early morning hours of April 30, 2014, [when] a masked man wearing gloves entered, pointed a gun at him, and demanded money. Other men entered the store and bound him with plastic zip ties. The masked man, whose height and complexion matched [A]ppellant's, shot [the victim] in frustration when [the victim] was unable to open the cash register.

The robbers committed an almost-perfect crime by leaving behind almost no forensic evidence with which police could have identified them. The police detectives who investigated the crime recovered a bullet fragment from [the victim's leg] but could not determine whether it was .38 caliber or .357 caliber ammunition. They also recovered a stolen green Honda that they believed [was] driven by the robbers. Inside the Honda the detectives found a backpack

- 2 -

and a glove; and inside the backpack were zip ties similar to the ones used to restrain [the victim], and more gloves. The detectives did not obtain any fingerprint or DNA evidence. [However, Appellant's statement to police after his arrest on charges related to theft of a motor vehicle] corroborated the evidence collected by the detectives [in the robbery matter].

*Id.* at 2.

In connection with the robbery, the Commonwealth charged Appellant with the aforementioned crimes. Prior to trial, Appellant filed a motion to suppress all of the evidence obtained from the vehicle stop, alleging the police lacked reasonable suspicion or probable cause to believe criminal activity was afoot. Appellant also argued that his statement to police was the product of unreasonable police delay and obtained in violation of his due process rights. On August 26, 2015, the trial court held a suppression hearing and denied relief. The matter immediately proceeded to a jury trial. On August 27, 2015, the jury convicted Appellant of the previously mentioned offenses. On November 18, 2015, the trial court sentenced Appellant to an aggregate term of 15 to 30 years of imprisonment. This timely appeal resulted.[2]

_____

[2] The trial court granted Appellant *nunc pro tunc* relief to file a post-sentence motion, and later a supplemental post-sentence motion. By order entered March 15, 2016, the trial court denied Appellant's post-sentence motions. On March 31, 2016, Appellant filed a notice of appeal. On April 6, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on May 27, 2016.

On appeal, Appellant presents the following issues[3] for our review:

    I.    Whether the trial court committed an error of law and/or abused its discretion in denying [Appellant's] motion to suppress his arrest and the subsequent poisoned fruit thereof where police did not possess probable cause to believe that he had committed a crime[?]

    II.    Whether the trial court committed an error of law and/or abused its discretion in denying [Appellant's] motion to suppress his statement to police where the totality of the circumstances surrounding the taking of the statement render the statement involuntary[?]

Appellant's Brief at 4 (complete capitalization omitted; roman numerals supplied).

In his first issue presented, Appellant contends that "to be constitutionally valid, at the time of his arrest, police were required to possess probable cause that Appellant [] either stole the vehicle, or was in possession of a vehicle that he knew was stolen." *Id.* at 12. Appellant

---

[3] Appellant presented two additional issues before the trial court that he does not raise currently on appeal. Appellant challenged: 1) his convictions as against the weight of the evidence and, (2) the discretionary aspects of his sentence, more specifically, that his aggregate sentence was unreasonable and the trial court failed to consider his personal history. Appellant has abandoned these issues on appeal by failing to provide any discussion of the claims with citation to relevant authority, and, thus, we consider them waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (citation omitted) ("where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

claims that when police first saw him in the vehicle, he was "in the driver's seat of a stationary, parked vehicle with a second occupant in the front seat." *Id.* Citing this Court's decision in *In Interest of Scott*, 566 A.2d 266 (Pa. Super. 1989), Appellant claims that "a review of the facts as testified [to] by Officer Fritchman demonstrates unequivocally that Appellant [] was never seen driving the stolen vehicle" and "this mistake of fact is highly material to the determination of whether Officer Fritchman possessed probable cause to believe that Appellant [] was in possession of the stolen vehicle." *Id.* at 14. Moreover, Appellant argues that since he "was actually seated in the passenger seat at the time the vehicle was stopped[,]" there was no evidence to suggest that he was in control of the stolen vehicle. *Id.* at 15. Appellant further claims the suppression court erred by considering his flight as consciousness of guilt, because "Officer Fritchman attempted to arrest Appellant [] **before** he fled." *Id.* (emphasis in original).

This Court applies a well-settled standard when reviewing the denial of a motion to suppress evidence:

> An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal

conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

*Commonwealth v. Jones*, 121 A.3d 524, 526–527 (Pa. Super. 2015)

(citations and brackets omitted).

An officer has probable cause to make a warrantless arrest

when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.

Probable cause justifying a warrantless arrest is determined by the totality of the circumstances. Furthermore, probable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent persons act.

*Commonwealth v. Simmen*, 58 A.3d 811, 817 (Pa. Super. 2012) (citations

and ellipsis omitted).

Moreover, we have held:

Probable cause means only the probability and not a *prima facie* showing of criminal activity. It is, of course, less than evidence which will justify a conviction. Once probable cause is established, it does not dissipate simply because the suspect is not charged with the particular crime which led to the finding of probable cause.

*Commonwealth v. Canning*, 587 A.2d 330, 332 (Pa. Super. 1991)

(citation omitted).

Here, the trial court determined:

>Officer Fritchman had probable cause to stop the [gold Honda] because he knew at the time it had been reported stolen. He had seen [A]ppellant in the driver's seat when he first spotted the vehicle, and he found [A]ppellant in the passenger's seat when he seized it. Therefore, he had probable cause to believe [A]ppellant had committed the felony of receiving stolen property.

Trial Court Opinion, 5/27/2016, at 6.

We discern no abuse of discretion or error of law in denying suppression. Here, there is no dispute that the vehicle at issue was stolen and that police had obtained that information prior to the vehicular stop. At that point, police had reason to believe that criminal activity was probably afoot. We reject Appellant's reliance on *In Interest of Scott* to suggest that Officer Fritchman possessed insufficient knowledge of facts and circumstances to establish probable cause. *In Interest of Scott* dealt with the sufficiency of the evidence to support juvenile adjudications for receiving stolen property and unauthorized use of a motor vehicle. In contrast, probable cause means only **the probability** of criminal activity. It is less than evidence which will justify, or sufficiently support, a conviction. Here, the facts and circumstances within the police officer's knowledge, i.e. trustworthy information that the automobile was stolen and direct observation of Appellant in the driver's seat, were sufficient to warrant the belief that a criminal offense had been committed by Appellant. The suppression court's factual findings are supported by the record and the legal conclusions drawn from those facts are correct. Because Appellant's

arrest was legal and the evidence obtained therefrom was properly obtained, we discern no abuse of discretion or error of law in denying Appellant's motion for suppression based upon the vehicle stop.

"Next, Appellant [] challenges the trial court's denial of his motion to suppress his statement to police where the totality of the circumstances surrounding the taking of his statement rendered it involuntary." *Id.* at 17. Here, Appellant claims "[t]he Commonwealth failed to establish that the physical environment surrounding Appellant['s] statement was not coercive, particularly with regard to the length of [] detention prior to giving the statement and the duration and means of his interrogation, including tactics employed with the purpose of draining his resistance to suggestion and coercion." *Id.* at 18. Appellant argues that questioning "did not begin until nearly eight (8) hours after his arrest" while the police "executed a search warrant at Appellant's home." *Id.* at 19-20. Appellant argues, however, that, "the warrant and ensuing search were not aimed at obtaining evidence in support of Appellant's arrest for possession of a stolen car – the crime for which Appellant was being held." *Id.* at 20.

Regarding the voluntariness of a statement to police, our Supreme Court has stated:

> The test for determining the voluntariness, and thus the admissibility, of an accused's statement is the totality of the circumstances surrounding the statement. The mere fact that there is some passage of time between when an accused is arrested and when he or she gives an inculpatory statement does not constitute grounds for suppression of

the statement. This Court has set forth the following numerous factors that should be considered under a totality of the circumstances test to determine whether a statement was freely and voluntarily made: the duration and means of interrogation, including whether questioning was repeated, prolonged, or accompanied by physical abuse or threats thereof; the length of the accused's detention prior to the confession; whether the accused was advised of his or her constitutional rights; the attitude exhibited by the police during the interrogation; the accused's physical and psychological state, including whether he or she was injured, ill, drugged, or intoxicated; the conditions attendant to the detention, including whether the accused was deprived of food, drink, sleep, or medical attention; the age, education, and intelligence of the accused; the experience of the accused with law enforcement and the criminal justice system; and any other factors which might serve to drain one's powers of resistance to suggestion and coercion.

*Commonwealth v. Bryant*, 67 A.3d 716, 724 (Pa. 2013) (internal citation omitted).

Important to this case, in *Bryant*, the defendant argued that his statement was involuntary because he was in isolation in police custody for over thirty hours. *Id.* at 725. In examining all of the factors listed above, the *Bryant* Court noted that "[a]lthough [Bryant] was held for a lengthy period of time prior to giving his inculpatory statement, part of the reason for this was the enormous amount of evidence potentially relevant to the murders that the detectives were continuing to analyze." *Id.* The *Bryant* Court ultimately determined that suppression was unwarranted. *Id.*

Here, the trial court determined that Appellant's statements to police were voluntary under the totality of the circumstances. Regarding the

duration of the interrogation, the trial court rejected Appellant's suggestion that police arrested him and delayed his processing and arraignment to facilitate his interrogation. *See* Trial Court Opinion, 5/27/2016, at 8. Instead, the trial court determined that police, in furthering their investigation, "worked as quickly and efficiently as they could, under the circumstances, to obtain and execute [a search] warrant [of Appellant's home]." *Id.* The trial court also noted that police advised Appellant of his constitutional rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966) prior to making the statement at issue. *Id.* at 8-9. Police gave Appellant a bathroom break, offered him food, and provided him with a beverage. N.T., 8/26/2015, at 41. Moreover, Appellant "had been arrested for robbery in 2008, had given a statement, and [] that statement [was] introduced into evidence against him at trial[, thus,] demonstrat[ing] his understanding and familiarity with speaking to law enforcement officers[, which] supports the inference that [the] statement [at issue] was knowing, voluntary and intelligent." *See* Trial Court Opinion, 5/27/2016, at 9. Finally, upon further review of the certified record, there was no evidence presented at the suppression hearing that police physically abused or threatened Appellant or that Appellant was injured, ill, drugged, or intoxicated during the interview.

Based upon all of the foregoing evidence and our standard of review, we discern no abuse of discretion or error of law by the trial court in finding Appellant's statement to police was knowing, voluntary, and intelligent. The

duration of the interrogation was one of many factors for the trial court to consider. Ultimately, the trial court determined that the length of time was justified in light of the extensive ongoing criminal investigation, rather than a strategy to force a confession from Appellant. Mere passage of time was not enough to render Appellant's statement involuntary in light of an examination of the other relevant factors at play. Hence, we discern no abuse of discretion or error of law in denying suppression of Appellant's statement to police. Accordingly, Appellant's second argument fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2017