J-S54024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT M. DEBRUYCKER | : | |
| | : | |
| Appellant | : | No. 205 WDA 2018 |

Appeal from the Judgment of Sentence January 18, 2018
In the Court of Common Pleas of McKean County Criminal Division at
No(s):
CP-42-CR-0000101-2017

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED SEPTEMBER 07, 2018**

Scott M. Debruycker appeals from the judgment of sentence, entered in the Court of Common Pleas of McKean County, following his conviction of two counts of possession of a controlled substance and one count of possession of paraphernalia.[1]  After review, we affirm.

On September 1, 2016, Bradford City Police Department Officers, including Officer Michael P. Ward, responded to a report of an unresponsive male located behind the Dollar General store in the City of Bradford.  When police arrived, they discovered Debruycker lying unresponsive on a grassy hill behind the Dollar General's dumpster.  Debruycker's face and skin were blue and purple in color and he was breathing shallowly.  Shortly thereafter,

---

[1] Possession of Controlled Substance, 35 P.S. § 780-113(a)(16), and Possession of Paraphernalia, 35 P.S. § 780-113(a)(32).

Emergency Medical Services ("EMS") arrived to assess Debruycker's condition. EMS suspected that Debruycker was suffering an opioid overdose and began preparing a "Narcan" injection, which counteracts opioid overdoses. Prior to being administered the Narcan, Debruycker awakened and began flailing his arms. Officer Ward observed Debruycker in what he characterized as a confused and disoriented state; Officer Ward, based on his training, agreed with EMS's assessment that he was suffering from an opioid overdose. Under these circumstances, Officer Ward believed that Debruycker was an imminent danger and threat to himself.

EMTs placed Debruycker on a stretcher, but he refused all medical services. Police then notified Debruycker that his arrest for public drunkenness was imminent, after which police commanded him to empty his pockets. Debruycker removed a knife, a cigarette wrapper, matches and a small lighter from his front pockets. After Debruycker removed the items from his pockets, Officer Ward noticed a green plastic straw, the tip of which had white residue on it, begin to emerge from his pocket. Officer Ward believed the straw was paraphernalia often used to snort/ingest narcotics. Based, in part, on that observation, Officer Ward searched Debruycker's other pockets and recovered a folded paper containing a tannish/white powdery substance. After police searched Debruycker's person and informed him he was under arrest, he agreed to go to the hospital, but after he arrived, he continued to refuse medical treatment.

On December 29, 2016, the Commonwealth charged Debruycker with one count of possession of a controlled substance (heroin), one count of possession of paraphernalia, and public drunkenness. On February 15, 2017, the Commonwealth amended its complaint to add a second count of possession of a controlled substance (fentanyl). The trial court held all charges for trial. On May 17, 2017, Debruycker filed a motion to suppress the narcotics and paraphernalia recovered by police. On September 19, 2017, following a hearing, the trial court denied Debruycker's motion. On December 19, 2017, following a bench trial, the trial court convicted Debruycker of all the charges. On January 18, 2018, the trial court sentenced Debruycker to an aggregate sentence of 10 days' to six months' imprisonment and a consecutive term of six months' probation.

On February 5, 2018, Debruycker filed a timely notice of appeal. Both the trial court and Debruycker have complied with Pa.R.A.P. 1925. On appeal, Debruycker raises one issue for our review: "Whether the trial court erred in denying [Debruycker's] motion for suppression of evidence of controlled substances and paraphernalia found on [his] person as a result of a search incident to a warrantless arrest for public drunkenness[.]" Brief of Appellant, at 4.

Debruycker avers that the trial court erred in denying his motion for suppression because he "was not, at the time of his arrest, engaged in 'ongoing conduct that imperil[ed] the personal security of any person or endangers public or private property.'" Brief of Appellant, at 10. We disagree.

Our standard of review from the denial of a suppression motion is well settled:

> We are limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We may consider the evidence of the witnesses offered by the prosecution, as verdict winner, and only so much of the defense evidence that remains uncontradicted as a whole. We are bound by facts supported by the record and may reverse only if the legal conclusions reached by the court below were erroneous.

**Commonwealth v. McAliley**, 919 A.2d 272, 275-76 (Pa. Super. 2007) (internal citations omitted).

Our Supreme Court has held that "a police officer may search the arrestee's person and the area in which the person is detained in order to prevent the arrestee from obtaining weapons or destroying evidence, but otherwise, absent an exigency, the arrestee's privacy interests remain intact as against a warrantless search." **Commonwealth v. White**, 669 A.2d 896, 902 (Pa. 1995). Our Supreme Court further explained:

> It is not a violation of the constitutional guarantee against unreasonable search and seizure for officers, when making a lawful arrest with or without a search warrant, to discover and seize any evidence, articles or fruits of crime found upon the prisoner or upon the premises under his control at the time of his lawful arrest, if it is directly connected with the offense charged. This constitutes merely an incidental seizure of evidence of crime in the execution of a lawful arrest and not a wrongful invasion by an unwarranted seizure of property.

**Commonwealth v. Stallworth**, 781 A.2d 110, 116 (Pa. 2001).

Here, Officer Ward initiated his search of Debruycker's person after arresting him for public drunkenness. A person is guilty of public drunkenness

"if he appears in any public place manifestly under the influence of alcohol *or a controlled substance*… to the degree that he may endanger *himself* or other persons or property." 18 Pa.C.S.A. § 5505 (emphasis added). Additionally, "a police officer shall, upon view, have the right of arrest without warrant upon probable cause when there is ongoing conduct that imperils the personal security of any person or endangers public or private property[,]" (e.g., for public drunkenness). 42 Pa.C.S.A. § 8902(a). Where an officer of the law has probable cause to arrest a defendant for public drunkenness, the officer may execute a warrantless search of defendant's person incident to the arrest. ***Commonwealth v. Canning***, 587 A.2d 330, 332 (Pa. Super. 1991). A search of a defendant suspected of public drunkenness is a valid search incident to arrest where police have probable cause, even if the Commonwealth never charges or convicts the defendant for public drunkenness. ***Id.***

Officer Ward observed Debruycker in an impaired state and believed he was suffering an opiate overdose. Ward believed that Debruycker's belligerent refusal of medical services, under the circumstances, presented a threat to himself. At Debruycker's suppression motion, Officer Ward testified as follows:

> OFFICER WARD: I advised him based off his confused state, his – the fact that he was refusing to go to the hospital, that *I felt he was a danger to himself* at this point and I advised him he was going to be placed under arrest and was, in fact, under arrest for public intoxication whether it be alcohol and/or a controlled substance and I advised him he was going to be coming with me.

N.T. Suppression Hearing, 8/22/17, at 8-9.  Having assessed that Debruycker, who Officer Ward discovered in a public area, was a danger to himself, Officer Ward placed him under arrest for public drunkenness.  *See* 18 Pa.C.S.A. § 5505; *see* 42 Pa.C.S.A. § 8902(a).  In light of Debruycker's arrest for public drunkenness, the trial court did not err in finding that Officer Ward's warrantless search of his person was lawful.  *Canning*, *supra*.

Based on the foregoing, we find that the trial court did not err in denying Debruycker's suppression motion, as Officer Ward had probable cause to arrest Debruycker for public drunkenness.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/7/2018